NOT DESIGNATED FOR PUBLICATION

No. 117,050

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEENAN L. MCCOY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed February 2, 2018. Affirmed.

*Carol Longenecker Schmidt,* of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., HILL, J., and WALKER, S.J.


PER CURIAM: Keenan McCoy appeals the district court's determination that McCoy violated his probation and the court's imposition of 60 days in jail as a sanction for the violation. He contends that the drug-test failure relied upon by the district court to find a violation, which occurred about two weeks after he was sentenced, might have been positive because of his drug usage *before* he was sentenced and began his probation.

But McCoy testified that he last used marijuana about a month before the drug test, and another witness testified that marijuana usually clears a person's system for testing purposes within one or two weeks. So the evidence supported the district court's

finding that it was more likely than not that McCoy had violated the terms of his probation by using marijuana. And since McCoy's underlying convictions included possession of methamphetamine, getting clean from illegal drugs was an important probation goal. We therefore also conclude that the district court didn't abuse its discretion when it ordered that McCoy serve 60 days in jail as a sanction for the probation violation.

FACTUAL AND PROCEDURAL BACKGROUND

McCoy pleaded no contest to one count of possession of methamphetamine and one count of defacing identification marks on a firearm, both felonies. The district court sentenced McCoy to probation for 12 months with an underlying prison term of 36 months that would be served if McCoy didn't successfully complete his probation. McCoy was sentenced—and began his probation—on March 29, 2016.

Nearly two weeks later, on April 12, McCoy submitted his first urinalysis specimen. That sample and another submitted a week later tested positive for marijuana. Three months later, McCoy tested positive for both marijuana and methamphetamines.

In August, the State brought a formal claim that McCoy had violated his probation. His probation officer, Kenneth Fecke, said that McCoy had violated the terms of his probation by: (1) testing positive for marijuana and methamphetamine; (2) failing to pay court costs and fines; and (3) failing to complete alcohol and drug treatment as a condition of probation. Fecke recommended that the court order McCoy to serve 60 days in the county jail, a probation-violation sanction authorized by K.S.A. 2016 Supp. 22-3716(c)(11) for certain felony probation violations. Fecke and McCoy both testified at a hearing on the State's claim.

2

Fecke explained how he mailed each of McCoy's urine samples to a laboratory for testing. Fecke said the results were then mailed back to him under a procedure established by the Kansas Department of Corrections.

Fecke said he was trained to administer the urinalysis tests. Although he hadn't received formal training on the amount of time a particular drug remains in a person's body after use, he said that he had nonetheless gained experience conducting urinalyses when he was a corrections officer. In his experience, he said that marijuana generally clears from a person's system between one and two weeks after ingestion.

McCoy said that the last time he had used marijuana had been around March 10 or 11—before he was sentenced to probation. McCoy denied ever using marijuana while he was on probation.

After hearing both witnesses, the court concluded that McCoy's testimony was not credible and found that McCoy violated his probation terms when he used marijuana. For some reason, even though evidence was presented of drug-test failures over a three-month period, the court mentioned only the first drug test:

> "I'm going to find that Mr. McCoy smoked marijuana on or about April 12th of 2016, while he was on probation. The Court is discrediting his testimony because his time line is not mathematically possible. And for that reason alone, I'm going to violate his probation."

The court then ordered that McCoy serve 60 days in the county jail as a sanction for the violation. The court also extended McCoy's probation for four additional months. The court noted that McCoy had not been reporting to his probation officer during the approximately two-month period between when he posted bond after his arrest for the violation and the hearing.

3

McCoy then appealed to our court.

ANALYSIS

McCoy first claims the State's evidence was insufficient to prove that he violated the terms of his probation by using marijuana.

When the State alleges the violation of probation, the State carries the burden of proving by a preponderance of the evidence that the defendant violated his terms of probation. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). What that means is that the State meets its burden if the fact-finder concludes that the alleged violation was more likely to have occurred than to not have occurred. *Gannon v. State*, 298 Kan. 1107, 1124, 319 P.3d 1196 (2014); *State v. McVey*, No. 116,099, 2017 WL 1826164, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. ___ (September 28, 2017). The State's evidence in McCoy's case met that standard: a reasonable fact-finder could conclude from the evidence that it was more likely than not that McCoy used marijuana while he was on probation.

Because the district court limited its ruling to the April 12 drug test, we will start there. That urinalysis sample tested positive for marijuana. In testimony the district court discounted, McCoy claimed that he hadn't smoked marijuana since March 10 or 11. But if McCoy really did smoke marijuana no later than that, then there shouldn't have been any marijuana left in his bloodstream by the time of the April 12 test. Under the preponderance-of-the-evidence standard, Fecke's testimony that the drug should have cleared his system within a week or two was sufficient to support that conclusion. And McCoy wasn't able to present a reason explaining why marijuana would remain in his system longer than two weeks. In sum, the State presented sufficient evidence that McCoy violated the terms of his probation by using marijuana through testimony about the April 12 drug-test result

4

that the district court made the basis for its ruling. Of course, the evidence of two additional drug-test failures, including one for methamphetamine, also would have provided sufficient evidence that McCoy had violated his probation.

McCoy also argues that the court abused its discretion by ordering him to serve 60 days in the county jail for violating his probation. He does not contest the four-month extension of his probation.

Under K.S.A. 2016 Supp. 22-3716(c)(11), the district court may order certain offenders to serve up to 60 days of confinement in a county jail upon each finding that the offender has violated his or her probation terms. McCoy doesn't challenge the applicability of K.S.A. 2016 Supp. 22-3716(c)(11) to his case. Whether to use this county-jail sanction is a discretionary call for the district court to make. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Thomas-Randall*, No. 111,436, 2015 WL 1636834, at *2 (Kan. App. 2015) (unpublished opinion). And we review discretionary decisions only for an abuse of discretion. *Skolaut,* 286 Kan. at 227-28; *Thomas-Randall*, 2015 WL 1636834, at *2. A court abuses its discretion when its decision is based on an error of law or fact or is so unreasonable that no reasonable person would agree with it. *State v. McCullough,* 293 Kan. 970, 981, 270 P.3d 1142 (2012); *Thomas-Randall*, 2015 WL 1636834, at *2.

We find no abuse of discretion here. McCoy used marijuana while on probation on multiple occasions, and he also used methamphetamine. Since the State adequately proved McCoy's noncompliance, the court had discretionary authority to order McCoy to serve 60 days in a county jail. The court could have reasonably concluded that a jail sanction was needed to gain McCoy's attention and to foster compliance with his probation terms.

We affirm the district court's judgment.